**United States District Court**
For the Northern District of California

1
2
3
4
5              UNITED STATES DISTRICT COURT
6             NORTHERN DISTRICT OF CALIFORNIA
7
8
9
10
HAI T. LE,
11
          Plaintiff,                    No. C 09-4871 PJH
12
     v.                            **ORDER DISMISSING COMPLAINT**
13
HILTON HOTEL, et al.,
14
          Defendants.
15  _____/
16        Pro se plaintiff Hai T. Le filed this action on October 9, 2009, and also filed an
17  application to proceed in forma pauperis ("IFP").  On November 18, 2009, plaintiff filed a
18  request to transfer the case from the Oakland division to the San Francisco division of this
19  court.
20        Having reviewed the complaint pursuant to 28 U.S.C. § 1915, the court finds that it
21  must be DISMISSED for failure to state a claim.  The motion to transfer is DENIED.
22                          **BACKGROUND**
23        This is a case alleging federal constitutional violations and also asserting state law
24  claims.  According to plaintiff, it is
25        a civil action seeking remedy from defendants for executive acts caused by
          defendants under color law [sic], customs and usage which have denied to
26        plaintiff and the class of persons known as the holders of the inherent power
          in California (as defined at Cal. const. art. 2 § 1, hereafter the "Holders" and
27        hereafter a "Holder" in designation of a member that was any member of the
          Holders) the equal protection of the laws and deprived plaintiff and Holders of
28        procedural due process rights guaranteed to plaintiff and Holders by the 4th,
          5th, 14th article in amendment to the federal Constitution and which have

1    thereby violated 42 U.S.C. § 1983, §1985, § 1986, and § 1988.

2    Cplt ¶ 6.

3    Plaintiff's claims are based on three separate incidents – the first occurring in Daly

4    City, California, on August 20, 2008; the second occurring in Redwood City, California, on

5    August 22, 2008; and the third occurring in San Francisco, California, on October 13, 2008.

6    The following description is taken from the "Statement[s] of Facts" in the complaint.

7    With regard to the first incident, plaintiff alleges that he was driving in Daly City on

8    August 20, 2008, at approximately 4:50 p.m., when his cell phone rang. He answered the

9    call, which he asserts was from an "advertising company." He alleges that as soon as he

10   realized that the call was from an "advertising company," he hung up the phone. Cplt ¶ 10.

11   Plaintiff asserts that a minute later, he noticed a Daly City police car behind him. A

12   police officer (whom plaintiff does not identify in the statement of facts) pulled plaintiff over,

13   and asked for his driver's license, registration, and insurance. The officer then issued

14   plaintiff a citation for violating California Vehicle Code § 23123(a) (unlawful to drive a motor

15   vehicle while using a wireless telephone not specifically designed and configured to allow

16   hands-free listening and talking). According to plaintiff, he initially refused to sign the ticket,

17   but after the police officer told him that if he didn't sign, he would be arrested and his

18   vehicle seized, he signed it. Id.

19   A few weeks later, plaintiff received a letter from the Superior Court stating that he

20   owed $92.00. When he appeared in court, the judge (not identified in the statement of

21   facts) allegedly offered to reduce the $92.00 fine if plaintiff would plead guilty. However,

22   plaintiff instead "handed to the judge a motion to dismiss for lack of subject matter

23   jurisdiction," which the judge allegedly refused to read. Plaintiff claims that he was under

24   the impression that the charge had been dismissed, but later discovered that he had one

25   "point" for the violation on his California Department of Motor Vehicles record. Id.

26   In the second incident, plaintiff, who works as a taxicab driver, was driving a

27   passenger in his cab from San Francisco International Airport to Redwood City on August

28   22, 2008. Plaintiff alleges that when he stopped at his passenger's home, a San Mateo

2

County transit police officer (not identified in the statement of facts) approached him and asked for his driver's license, vehicle registration, and insurance.  Cplt ¶ 11.

According to plaintiff, the officer said that he had stopped plaintiff because plaintiff's cab had been stopped on a railroad track.  Plaintiff alleges that "the rail track was about half mile back," and claims that "I didn't stop on the track."  The officer then issued plaintiff a citation for blocking a railroad crossing, in violation of California Vehicle Code § 22526(c), which he allegedly "forced" plaintiff to sign.  Id.

Approximately two weeks later, plaintiff received a letter from the court saying he owed $192.00.  When he went to court, the judge (not identified in the statement of facts) allegedly offered plaintiff a "discount" if he would plead guilty without going to trial.  Plaintiff pled not guilty, and handed the judge a motion to dismiss for lack of subject matter jurisdiction.  The judge set a court date for plaintiff to appear for the trial.  Id.

Plaintiff claims that the trial lasted only a few minutes, and that the judge found him guilty without any explanation, and ordered him to pay the fine.  Plaintiff claims that the judge also refused to permit plaintiff to attend traffic school to remove the point from his California Department of Motor Vehicles record, because plaintiff had not paid the fine in full in the first place.  Id.

Plaintiff contends that he then checked the list of Superior Court judges in San Mateo County, but could not find the name of the judge (again, not identified in the statement of facts) on the list.  Thus, he asserts, "the judge didn't have any right to hear or decide my case."  He claims that the judge and the police officer were working together "with only one purpose which is money by taking advantage of the color of law, using the color of office, the color of process, custom, and usage to deprive money from people."  Id.

In the third incident, plaintiff became involved in an altercation with a doorman or doormen in front of the Hilton Hotel in San Francisco on October 13, 2008.  He claims that the doorman or doormen were illegally diverting passengers to cabs other than plaintiff's, and that after he videotaped this alleged illegal activity, the doorman or doormen falsely reported to "the police" that plaintiff had hit one of the doormen with his cab.  Cplt ¶ 9.

3

Plaintiff was arrested, handcuffed, and taken into custody by unidentified "police." He alleges that he was subsequently strip-searched at the County Jail. He asserts that he was charged with a misdemeanor violation of California Penal Code § 245(a)(1) (assault with a deadly weapon - not a firearm), and that three days later, he was brought before a judge, who issued a restraining order. Id.

Plaintiff was then released from custody – the documents submitted by plaintiff with the complaint indicate that the misdemeanor charge was dismissed – but he claims that when he got outside, he discovered that "the police" had not returned all the personal belongings that had been taken from him at the time of his arrest. However, the police did eventually return all the items. Id.

Plaintiff alleges that he has had a hard time making a living since this incident. According to plaintiff, when he attempted to pull up in his cab in front of "the hotel," the doormen refused to permit him to do so. Id.

Plaintiff filed the present action against nine defendants – Hilton Hotel; City and County of San Francisco ("CCSF"); San Mateo County Transit Officer Bruce McKay #848; San Mateo County Superior Court Commissioner Stephanie Garratt; Daly City Police Officer Victor Schianterlli #151; San Francisco Police Officer Jonathan T. Ozol #2358; San Francisco Police Officer Cesari #155; San Francisco Police Officer McCloskey #2151; and San Francisco Police Officer Sullivan #571.[1] Commissioner Garratt and Officers McKay, Schianterlli, Ozol, Cesari, McCloskey, and Sullivan are sued in their individual capacities only.

Plaintiff alleges 29 causes of action:

(1) abuse of procedural due process, against Officer McKay, Commissioner Garratt, and Officer Schianterlli;

(2) abuse of process, against Officer McKay, Commissioner Garratt, and Officer Schianterlli;

---

[1] Officers Ozol, Cesari, McCloskey, and Sullivan are collectively referred to herein as the "San Francisco Police Officer defendants."

4

(3) extortion, against Officer McKay, Commissioner Garratt, and Officer Schianterlli;

(4) violation of substantive due process, against all defendants;

(5) imposition of excessive fines, in violation of the Eighth Amendment to the United States Constitution, against all defendants;

(6) violation of Article IV of the United States Constitution, against all defendants;

(7) conspiracy against rights, in violation of 18 U.S.C. § 241, against Hilton Hotel, the San Francisco Police Officer defendants, Officer McKay, Commissioner Garratt, and Officer Schianterlli;

(8) deprivation of rights under color of law, in violation of 18 U.S.C. § 242, against all defendants;

(9) impairment of right to enjoy life and pursue happiness, against CCSF;

(10) impairment of constitutional right to procedural due process, against all defendants;

(11) conspiracy to deprive constitutional rights, liberty, and privileges, against all defendants;

(12) conspiracy to deprive personal rights and liberty, against all defendants;

(13) taking advantage of color of law to deprive constitutional rights, against all defendants;

(14) excessive force, against CCSF, and the San Francisco Police Officer defendants;

(15) violation of 42 U.S.C. § 1983, retaliation for petitioning, against Hilton Hotel;

(16) violation of 42 U.S.C. § 1983 and 1985(3), conspiracy, against Hilton Hotel, the San Francisco Police Officer defendants, Commissioner Garratt, and Officer McKay;

(17) violation of 42 U.S.C. § 1983, refusing or neglecting to prevent illegal activities, against CCSF;

(18) malicious prosecution, against Hilton Hotel, and the San Francisco Police Officer defendants;

(19) malicious abuse of process, against all defendants;

1    (20) intentional infliction of emotional distress, against all defendants;

2    (21) violation of 42 U.S.C. § 1983: arrest, against all defendants;

3    (22) violation of 42 U.S.C. § 1983: detention and confinement, against Officers

4  McKay and Schianterlli;

5    (23) violation of 42 U.S.C. § 1983: strip search, against CCSF;

6    (24) violation of 42 U.S.C. § 1983: conspiracy, against all defendants;

7    (25) false arrest and imprisonment, against all defendants;

8    (26) conspiracy, against Hilton Hotel, and the San Francisco Police Officer

9  defendants;

10    (27) intentional infliction of emotional distress (defendants not listed);

11    (28) "proceed to trial and render judgment without jurisdiction," against

12  Commissioner Garratt, Officer McKay, and Officer Schianterlli; and

13    (29) "delay the equal protection of the law," against all defendants.

14    Plaintiff seeks $1,550,000 in compensatory damages and $14,000,000 in punitive

15  damages, and also seeks injunctive relief "to prevent the defendants from depriving the

16  plaintiff's rights, liberty and property again in the future."  Cplt ¶ 88.

17                              **DISCUSSION**

18  A.    Legal Standard

19    Under 28 U.S.C.  § 1915(a), "[a]ny court of the United States may authorize the

20  commencement . . . of any suit . . . without prepayment of fees and costs or security

21  therefor, by a person who makes affidavit that he is unable to pay such costs or give

22  security therefor."  In reviewing an application to proceed IFP, the court may dismiss a case

23  sua sponte if the court determines that the party applying for IFP status has filed a frivolous

24  action, or that the complaint fails to state a claim, or seeks monetary damages from

25  defendants who are immune from suit.  28 U.S.C. § 1915(e)(2); see Jackson v. Arizona,

26  885 F.2d 639, 640 (9th Cir. 1989); Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir.

27  1984).

28    For purposes of 28 U.S.C.  § 1915, a frivolous claim is one that lacks an arguable

6

basis in either law or fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in facts or law if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. <u>Guti v. INS</u>, 908 F.2d 495, 496 (9th Cir. 1990). Thus, a court may dismiss as frivolous complaints that recite bare legal conclusions without any supporting facts. <u>Franklin</u>, 745 F.2d at 1228; <u>see also</u> <u>Tripati v. First Nat'l Bank & Trust</u>, 821 F.2d 1368, 1370 ( 9th Cir.1987). The term "frivolous" embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." <u>Neitzke</u>, 490 U.S. at 325; <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing a complaint for frivolity, a trial court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke</u>, 490 U.S. at 327. In so doing, the assessment of the factual allegations must be weighted in favor of the plaintiff. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

Where a litigant is acting pro se and the court finds the litigant's complaint frivolous within the meaning of § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987); <u>Eldridge v. Block</u>, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

B.      Analysis

        1.      Violation of Federal Rule of Civil Procedure 8(a)

        The court finds that plaintiff's complaint violates Federal Rule of Civil Procedure 8(a), which requires that "[a] pleading that states a claim for relief" contain the following:

        (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

        (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

        (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (quotation and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Here, plaintiff's complaint qualifies as neither "short" nor "plain," but is at the same time deficient in the required factual allegations. The complaint consists of 24 pages – five of which contain largely incomprehensible allegations regarding "null" and "void" statutes and "executions," "ratified execution[s]," the "rights" of "Holders," and "public" vs. "private" offenses, see Cplt ¶¶ 12-46 – plus 16 exhibits.

Moreover, a number of the 29 causes of action are duplicative – i.e., (a) the first cause of action for abuse of procedural due process, and the tenth cause of action for impairment of constitutional right to procedural due process; (b) the second cause of action for abuse of process, and the nineteenth cause of action for malicious abuse of process; (c) the eleventh cause of action for conspiracy to deprive constitutional rights, liberty, and privileges, the sixteenth cause of action for conspiracy under 42 U.S.C. §§ 1983 and 1985(3), and the twenty-fourth cause of action for conspiracy under § 1983; and (d) the twentieth and twenty-seventh causes of action for intentional infliction of emotional distress.

More of a problem, however, is plaintiff's failure to connect specific defendants with the various causes of action alleged. In particular (as noted above) the "Statement[s] of Fact" do not identify a single defendant. It is left to the court to flip back and forth between the factual allegations and the 29 causes of action to attempt to link up the various defendants with the asserted violations. If the pleading were served in its present form it would not give defendants fair notice of the claims against them. That alone provides a sufficient basis for dismissal of the complaint. See Erickson v. Pardus, 551 U.S. 89, 93

(2007) (complaint must be sufficient to give defendants "fair notice" of the claim and the "grounds upon which it rests").

Moreover, under 42 U.S.C. § 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief as to each defendant. See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) ("[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of civil rights"). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

2.      Misjoinder of defendants

As indicated above, the claims asserted by plaintiff arise from three separate incidents occurring in three different cities, involving nine different defendants. The Federal Rules permit more than one claim against a single defendant to be joined in the same action. See Fed. R. Civ. P. 18(a). However, claims against different defendants may be joined in the same action only if the claims asserted against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). While misjoinder of parties is not grounds for dismissing an action, Federal Rule of Civil Procedure 21 permits the court "[o]n motion or on its own, . . . at any time, on just terms, [to] add or drop a party" and to "sever any claim against a party." Fed. R. Civ. P. 21. Here, defendant Hilton Hotel and defendant CCSF the San Francisco Police Officer defendants appear to have been involved only in the October 13, 2008 incident, while the Daly City Police Officer (apparently Officer Schianterlli) was involved only in the August 20, 2008 incident, and the San Mateo Transit Police Officer (apparently Officer McKay) was involved only in the August 22, 2008 incident. It is not entirely clear which incident(s) Commissioner Garratt is alleged to have been involved in.

The only factor that the three incidents have in common is that each occurred in connection with plaintiff's driving of a motor vehicle. In two of the incidents he was cited for

9

Vehicle Code violations – albeit by officers from two different policing authorities – and in the third incident he was arrested for assault by officers from yet a third policing authority. The three incidents were separate occurrences, and plaintiff has improperly joined all the defendants in a single action.

As the court has determined that the entire complaint must be dismissed for failure to state a claim, the court will not attempt to sever parties or claims. But plaintiff is advised that if he chooses to file an amended complaint, in accordance with this order, he may allege claims against multiple defendants based on only a single transaction or occurrence – i.e., either the August 20, 2008 incident, the August 22, 2008 incident, or the October 13, 2008 incident. If he wishes to file a complaint based on the remaining two transactions or occurrences, he must file separate actions.

3.      Claims against Commissioner Stephanie Garratt

Although the basis for the claims asserted against Commissioner Garratt is not entirely clear, it appears that the complaint challenges Commissioner Garratt's decisions regarding the disposition of one or both of the citations issued against plaintiff in San Mateo County.[2]  This court does not have jurisdiction to review or alter the rulings of a state-court judge.

Federal district courts, as courts of original jurisdiction, may not review the final determinations of a state court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (approving dismissal of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); Worldwide Church of God v. McNair, 805 F.2d 888, 890-91 (9th Cir. 1986) (forbidding the filing of suits seeking de facto review of state-court

---

[2]  The court takes judicial notice of the fact that Stephanie G. Garratt is a San Mateo County Superior Court Commissioner.

United States District Court

For the Northern District of California

decisions). This is so even when the state court judgment is not made by the highest state court, see McNair, 805 F.2d at 893 n. 3, and when federal constitutional issues are at stake, see Branson v. Nott, 62 F.3d 287, 291 (9th Cir. 1995); Mullins v. Oregon, 57 F.3d 789, 792 (9th Cir. 1995).

Accordingly, any attempt by plaintiff to challenge Commissioner Garratt's rulings must be DISMISSED. If plaintiff is dissatisfied with a ruling by a state-court judge, his remedy is to seek timely and appropriate review through the state court system, and then review from the United States Supreme Court, to the extent it is available.

Furthermore, while plaintiff asserts that Commissioner Garratt is named as a defendant in her individual capacity only,[3] she is nonetheless being sued for acts allegedly performed in her judicial capacity. Judges are absolutely immune, under the doctrine of judicial immunity, from suits for money damages for acts performed in their judicial capacities. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 & n.10 (1993); Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 357-60 (1978); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc).

Judicial immunity bars suit even if a judge is accused of acting in bad faith, maliciously, corruptly, erroneously, or in excess of jurisdiction. Mireles, 502 U.S. at 11-13. Judicial immunity is not overcome by allegations of conspiracy. Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996); Ashelman, 793 F.2d at 1078.

4.     Claims brought under 42 U.S.C. §§ 1983 and 1985

Plaintiff alleges various constitutional claims under 42 U.S.C. § 1983, and other constitutional claims which the court interprets as being brought under § 1983. Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities

---

[3] Any suit for damages against Commissioner Garratt in her official capacity would be subject to dismissal on Eleventh Amendment grounds. See Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) (suit against Superior Court is suit against State of California and is barred by the Eleventh Amendment). As a Commissioner of the Superior Court, Commissioner Garratt is not a "person" subject to suit under 42 U.S.C. § 1983, and is immune under the Eleventh Amendment from suits for damages in federal court. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

United States District Court

For the Northern District of California

secured by the Constitution and laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Ketchum v. Alameda County</u>, 811 F.2d 1243, 1245 (9th Cir. 1987).

A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." <u>West</u>, 487 U.S. at 49 (citation and internal quotation marks omitted). Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. <u>Johnson v. Knowles</u>, 113 F.3d 1114, 1117 (9th Cir. 1997).

a.      Claims against defendant Hilton Hotel

Plaintiff asserts a number of constitutional claims under § 1983 against defendant Hilton Hotel, or against "all defendants," which presumably includes Hilton Hotel – <u>i.e.</u>, the fourth, fifth, sixth, tenth, thirteenth, fifteenth, sixteenth, twenty-first and twenty-ninth causes of action. However, the complaint pleads no facts showing that Hilton Hotel acted under color of state law in committing the acts of which plaintiff complains. Because plaintiff pleads no facts showing that Hilton Hotel is a state actor, the constitutional claims asserted against Hilton Hotel under § 1983 must be DISMISSED. This dismissal is with leave to amend.

b.      Claims against City and County of San Francisco

Plaintiff alleges a number of constitutional claims against CCSF or against "all defendants," which presumably includes CCSF. However, plaintiff pleads no facts supporting a claim of municipal liability. Accordingly, the claims against CCSF are

12

1    DISMISSED for failure to state a claim.

2        Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where

3    official policy or custom causes a constitutional tort. Monell v. Dep't of Social Servs., 436

4    U.S. 658, 690 (1978). However, a city or county may not be held vicariously liable for the

5    unconstitutional acts of its employees under the theory of respondeat superior. Board of

6    County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City

7    of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995).

8        The dismissal is with leave to amend. To state a claim against CCSF under § 1983

9    for a violation of constitutional rights, plaintiff must allege facts showing that he possessed

10   a constitutional right of which he was deprived; that CCSF had a policy, amounting to

11   deliberate indifference to his constitutional rights; and that the policy was the moving force

12   behind the constitutional violation. See Plumeau v. School Dist. No. 40, County of Yamhill,

13   130 F.3d 432, 438 (9th Cir. 1997); see also Brown, 520 U.S. at 407-08; Monell, 436 U.S. at

14   691.

15           c.    Eighth Amendment claim

16       In the fifth cause of action, plaintiff alleges that "defendants" imposed "excessive

17   fines" on him "for no reason, for no violation of valid law, for violation of the null and void

18   law which doesn't exist." In addition, he asserts,

19
         Even if the defendants can prove that the law exists, the plaintiff didn't violate
20       it. This is in violation of 8th Amendment. Even if a legislature enacts a law,
         people don't have to obey if the law is unconstitutional. The law will be just
21       like a piece of paper sitting in the office.

22   Cplt ¶ 62. It is not entirely clear from these allegations, but the only fines mentioned in the

23   complaint are the $92.00 fine plaintiff was required to pay for the August 20, 2009 violation,

24   and the $192.00 fine he was required to pay for the August 22, 2009 violation.

25       The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor

26   excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., 8th

27   Amend. "The Excessive Fines Clause limits the government's power to extract payments,

28   whether in cash or in kind, 'as punishment for some offense.'" Austin v. United States, 509

13

1   U.S. 602, 609-10 (1993).

2       The Supreme Court long suggested that the Eighth Amendment applied primarily,

3   and perhaps exclusively, to criminal prosecutions and punishments. Browning-Ferris Indus.

4   of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 262-65 (1989). In Austin, however,

5   the Supreme Court stated there was nothing in the history of the Eighth Amendment which

6   indicated its limitation to criminal prosecutions. Austin, 509 U.S. at 608. "[T]he question is

7   not . . . whether [a fine] . . . is civil or criminal, but rather whether it is punishment." Id. at

8   610. Even assuming a fine serves some remedial purpose, it will be considered

9   punishment if it also serves "either retributive or deterrent purposes." Id. at 621.

10      The Court in Austin declined to articulate a test for determining whether a fine is

11  excessive. However, the court finds it unnecessary to consider whether plaintiff has stated

12  facts sufficient to support an Eighth Amendment claim of excessive fines, because plaintiff

13  cannot state such a claim against the defendants herein. The fines that plaintiff finds

14  objectionable were imposed by the Superior Court of California. Plaintiff cannot amend the

15  complaint to state an excessive fines claim against the State of California, because states

16  and their agencies are not persons under § 1983. Because plaintiff cannot state an Eighth

17  Amendment claim, the fifth cause of action must be DISMISSED with prejudice.

18              d.      Due process claims

19      The due process clause of the Fourteenth Amendment protects individuals against

20  governmental deprivations of "life, liberty or property," as those words have been

21  interpreted and given meaning over the life of our republic, without due process of law.

22  Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71 (1972). The due

23  process clause confers both procedural and substantive rights. See Armendariz v.

24  Penman, 75 F.3d 1311, 1318 (9th Cir. 1996) (en banc).

25      The primary purpose of procedural due process is to provide affected parties with

26  the right to be heard at a meaningful time and in a meaningful manner. Fuentes v. Shevin

27  (1972) 407 U.S. 67, 80 (1972). The right to prior notice and a hearing is central to the

28  Constitution's command of due process. "The purpose of this requirement is not only to

14

ensure abstract fair play to the individual.  Its purpose, more particularly, is to protect his

use and possession of property from arbitrary encroachment – to minimize substantively

unfair or mistaken deprivations of property. . . ."  United States v. James Daniel Good Real

Property, 510 U.S. 43, 53 (1993).

Substantive due process refers to certain actions that the government may not

engage in, no matter how many procedural safeguards it employs.  County of Sacramento

v. Lewis, 523 U.S. 833, 847 (1998); Blaylock v. Schwinden, 862 F.2d 1352, 1354 (9th Cir.

1988).  Substantive due process protects against a State's interference with personal

decisions relating to marriage, procreation, contraception, family relationships, child

rearing, and education, as well as with an individual's bodily integrity, see Armendariz, 75

F.3d at 1319; and against executive abuse of power that shocks the conscience, Chavez v.

Martinez, 538 U.S. 760, 781 (2003).

i.       Procedural due process claims

Plaintiff asserts three causes of action that can be interpreted as alleging procedural

due process violations.  The first cause of action ("abuse of procedural due process") and

second cause of action ("abuse of process") are alleged against Officer McKay,

Commissioner Garratt, and Officer Schianterlli.  The tenth cause of action ("impairment of

constitutional right to procedural due process") is alleged against "all defendants."

Although it is not entirely clear from the complaint, it appears that Officer Schianterlli

may have been the officer that issued plaintiff the citation for talking on a cell phone while

driving in Daly City, while Officer McKay may have been the officer that issued plaintiff the

citation for blocking the railroad crossing in Redwood City.  In the first cause of action,

plaintiff alleges that Officer McKay, Commissioner Garratt, and Officer Schianterlli

> used traffic Courts to pretend that the defendants did provide the due process
> pursuant to the mandate of the Constitution, but the out come [sic] of the
> judgment was already arranged between the defendants no matter what the
> plaintiff say in the motion to dismiss and not matter what evidence they have
> and even with no evidence at all.

In the second cause of action, plaintiff alleges that the same three defendants "took

the advantage of the color of law to abuse the procedural process.  Forcing the plaintiff to

1    pay for the amount of money which does not exist as a matter of law."

2        In the tenth cause of action, "impairment of constitutional right to procedural due

3    process," asserted against "all defendants," plaintiff does not allege any facts.

4        The court finds that all three of these causes of action must be DISMISSED for

5    failure to state a claim.  To state a procedural due process claim, a plaintiff must plead facts

6    showing 1) a liberty or property interest protected by the Constitution; 2) a deprivation of

7    that interest by the government; 3) lack of process.  <u>Portman v. County of Santa Clara</u>, 995

8    F.2d 898, 904 (9th Cir.1993).

9        However, while "liberty" and "property" are "broad and majestic terms, . . . the range

10   of interest protected by procedural due process is not infinite."  <u>Roth</u>, 408 U.S. at 570-71.

11   The Fourteenth Amendment is not "a font of tort law to be superimposed upon whatever

12   systems may already be administered by the States."  <u>Paul v. Davis</u>, 424 U.S. 693, 701

13   (1976).  Here, plaintiff has not set forth a legitimate Fourteenth Amendment interest of

14   which he has been deprived.

15       The term "liberty" denotes not merely freedom from bodily restraint but also the

16   individual's right "to contract, to engage in any of the common occupations of life, to acquire

17   useful knowledge, to marry, establish a home and bring up children, to worship God . . . ,

18   and generally to enjoy those privileges long recognized . . . as essential to the orderly

19   pursuit of happiness by free men."  <u>Roth</u>, 408 U.S. at 572 (citation and quotation omitted).

20   There is little doubt that "[i]n a Constitution for a free people, . . . the meaning of 'liberty'

21   must be broad indeed."  <u>Id.</u>  Nevertheless, the court finds nothing asserted here  that can

22   be considered a deprivation of a liberty interest, because plaintiff's claim does not resemble

23   a loss of a "long-recognized privilege" that is "essential to the orderly pursuit of happiness."

24       Thus, plaintiff must be claiming that he was deprived of a property interest in

25   violation of his procedural due process rights.  The Fourteenth Amendment due process

26   guarantee extends only to property claims to which an individual has a "legitimate claim of

27   entitlement."  <u>Id.</u> at 577.  "To have a property interest in a benefit, a person clearly must

28   have more than an abstract need or desire for it."  <u>Id.</u>

16

Here, plaintiff appears to be complaining of a lack of due process in connection with the citation for talking on a cell phone while driving in Daly City, and the citation for stopping his vehicle on a railroad crossing in Redwood City. However, from the facts alleged, it further appears that plaintiff received the process that was due, as he received a hearing in the Superior Court, where he was permitted to challenge the citations. That he disagrees with the outcome of the hearing, or that he believes he should not have had to pay any fines for the violations, is not sufficient to support a claim of deprivation of property without due process of law.[4]

If this is the extent of plaintiff's procedural due process claim, the dismissal is with prejudice. If plaintiff intended some other basis for the claim of denial of procedural due process, he must clarify the claim in an amended complaint.

ii.     Substantive due process claims

In the fourth cause of action, plaintiff alleges a claim of violation of substantive due process, against "all defendants." In this claim, it appears that plaintiff is reiterating his claim of violation of procedural due process in connection with the citations issued in Daly City and Redwood City. This part of the claim is dismissed for the reasons stated above with regard to the procedural due process claim.

It also appears that plaintiff may be challenging the arrest and criminal prosecution in San Francisco resulting from the Hilton Hotel incident, and the restraining order subsequently issued by the Superior Court. To the extent that plaintiff is challenging the arrest, that claim must be asserted as a Fourth Amendment claim.

Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of "substantive due process," must be used to analyze such claims.

---

[4]  In addition, the exercise of independent judgment by a judicial officer – here, the decision(s) by Commissioner Garratt with regard to the disposition of the citations issued to plaintiff – supercedes the chain of causation linking law enforcement personnel to the judicial officer's decision. See Galen v. County of Los Angeles, 477 F.3d 652, 663 (9th Cir. 2007). The officers could be liable for any associated constitutional violations only if they deliberately or recklessly misled Commissioner Garratt about the facts. Id.

17

1    Albright v. Oliver, 510 U.S. 266, 273 (1994); Picray v. Sealock, 138 F.3d 767, 770 (9th Cir.

2    1998).  Substantive due process does not extend to circumstances already addressed by

3    other constitutional provisions.  See Albright, 510 U.S. at 273 (constitutionality of arrest

4    may be challenged only under Fourth Amendment).

5         To the extent that plaintiff is attempting to challenge the issuance of the restraining

6    order by the court in San Francisco, that claim is DISMISSED with prejudice, for the

7    reasons stated above with regard to the dismissal of the claims against Commissioner

8    Garratt.

9         To the extent that plaintiff is attempting to challenge the criminal prosecution, the

10   claim is DISMISSED for failure to state a claim, as the allegations are too vague for the

11   court to be able to determine which defendants plaintiff intends to charge with this alleged

12   violation of substantive due process.  See Barren, 152 F.3d at 1194.[5]

13              e.    Equal protection claim

14        In the twenty-ninth cause of action, plaintiff alleges what appears to be a Fourteenth

15   Amendment claim of denial of equal protection, against "all defendants."  Plaintiff does not

16   allege any facts in support of this cause of action, other than the allegation that "[t]he

17   defendants did not apply the law equally on all persons."

18        "The Equal Protection Clause of the Fourteenth Amendment commands that no

19   State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which

20   is essentially a direction that all persons similarly situated should be treated alike."  City of

21   Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457

22   U.S. 202, 216 (1982)); Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005)

23

24        [5] Plaintiff also asserts, in the third cause of action, a claim of "extortion" in violation of
     42 U.S.C. § 1983.  He alleges that Officer McKay, Officer Schianterlli, and Commissioner
25   Garratt "force[d] plaintiff to sign the tickets for violating or even not violated the null, void
     statute, the vehicle codes" and "used threat of suspend the driver license to force the plaintiff
26   to pay the quasi debt[,] . . . which the plaintiff never owes the defendants or cause damage to
     the defendants or any other person."  Cplt ¶ 59.  The court finds this claim substantially
27   incomprehensible, particularly given plaintiff's failure to identify the constitutional right that he
     believes has been violated.  To the extent that plaintiff intends it as a substantive due process
28   claim, it is DISMISSED with prejudice in accordance with the discussion herein.

1   (evidence of different treatment of unlike groups does not support an equal protection

2   claim).

3        It is not clear whether plaintiff is alleging a denial of equal protection under § 1983

4   based on race or other suspect classification, or whether he is alleging a "class of one"

5   claim.  To state a claim for relief based on a suspect classification, the plaintiff must allege

6   that the defendant state actor acted at least in part because of plaintiff's membership in a

7   protected class.  Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003).  In

8   comparison, the "class of one" claim requires only that action be irrational and arbitrary,

9   rather than requiring discriminatory intent.  See Village of Willowbrook v. Olech, 528 U.S.

10  562, 564-65 (2000) (per curiam).

11       Nevertheless, because the complaint pleads no facts to support any claim of denial

12  of equal protection against any defendant, the court finds that the twenty-ninth cause of

13  action must be DISMISSED.  The dismissal is with leave to amend.

14              f.    Claim of violation of privileges and immunities clause

15       In the sixth cause of action, entitled "Violation of Article IV of the US Constitution,"

16  plaintiff alleges "[d]eprivation of privileges and immunity [sic] guaranteed by the US

17  Constitution without due process of law."  This claim is asserted against "all defendants."

18       Article IV, section 2 of the United States Constitution provides, "The Citizens of each

19  State shall be entitled to all Privileges and Immunities of Citizens in the several States."

20  U.S. Const, Art IV, § 2; see also Toomer v. Witsell, 334 U.S. 385, 395 (1948).  A right

21  secured under the privileges and immunities clause is the right of a citizen to "remove to

22  and carry on business in another [state] without being subjected in property or person to

23  taxes more onerous than the citizens of the latter state are subjected to."  Shaffer v. Carter,

24  252 U.S. 37, 56 (1920).  Because the privileges and immunities clause is not absolute, it

25  does not preclude discrimination in all circumstances, but only where there is "no

26  substantial reason . . .  beyond the mere fact that they [persons being discriminated

27  against] are citizens of other States."  Toomer, 334 U.S. at 396.

28       The complaint alleges no facts supporting a claim of denial of privileges and

19

immunities. Rather, the sixth cause of action appears to be yet another claim of denial of procedural due process. Accordingly, the court finds that it must be DISMISSED for failure to state a claim. As plaintiff has pled no facts showing that defendants violated any of his fundamental rights, and as this case does not involve any claim that plaintiff was treated differently than a resident of a state other than California, the court finds that amendment will not cure the deficiencies of the sixth cause of action, and the dismissal is therefore with prejudice.

g. General claim of deprivation of constitutional rights

In the thirteenth cause of action, plaintiff alleges a claim of taking advantage of color of law to deprive constitutional rights, against all defendants. In the seventeenth cause of action, plaintiff alleges a constitutional claim of "refusing or neglecting to prevent illegal activities," against CCSF. In both these causes of action, plaintiff simply pleads general § 1983 claims of violation of unspecified constitutional rights. Neither of these causes of action state a claim because plaintiff has not identified the alleged constitutional violation(s) and has not alleged any facts as to particular defendants, and are therefore DISMISSED on that basis. The dismissal is with prejudice.

h. Claim of impairment of right to enjoy life and pursue happiness

In the ninth cause of action plaintiff alleges a claim of impairment of right to enjoy life and pursue happiness, against defendant CCSF. This claim is not cognizable, as a constitutional claim or otherwise. Although the Constitution provides many important protections, a specific guarantee for the pursuit of happiness is not among those granted by the Constitution or its amendments.[6] Accordingly, this claim fails to state a cause of action upon which relief may be granted. Further, the court finds that it would be futile for the plaintiff to attempt to state a cognizable claim for the "right to enjoy life" or the "pursuit of happiness" through repleading. Therefore, the ninth cause of action is DISMISSED with

---

[6] The Declaration of Independence states that all men are endowed certain unalienable rights including "Life, Liberty and the pursuit of Happiness." See Declaration of Independence, ¶ 1. However, the Declaration of Independence does not grant rights that may be pursued through the judicial system.

prejudice.

                    i.           Claims of conspiracy to deprive plaintiff of constitutional rights

        Plaintiff asserts a number of claims of "conspiracy." In the eleventh cause of action, plaintiff alleges a claim of conspiracy to "deprive constitutional rights, liberty and privileges," against "all defendants." In the twelfth cause of action, plaintiff alleges a claim of conspiracy to "deprive personal rights and liberty," against "all defendants." In the sixteenth cause of action, plaintiff alleges a claim of "violation of 42 U.S.C. § 1983 and 1985(3): conspiracy," against the Hilton Hotel, the San Francisco Police Officer defendants, Commissioner Garratt, and Officer McKay. None of these causes of action is supported by any recitation of facts. The court interprets these three causes of action as alleging that defendants conspired to deprive plaintiff of his constitutional rights, in violation of the first clause of 42 U.S.C. § 1985(3).

        Section 1985(3) provides a cause of action against state or private conspiracies. See Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971).[7] A cause of action under § 1985(3) requires a showing of some racial or class-based discrimination, but only the first clause of § 1985(3) requires intent to deprive victims of the equal protections of the laws. See Kush v. Rutledge, 460 U.S. 719, 724-26 (1983). Other than race-based classes, it is unclear what classes may be protected; the class must be something more than a group of individuals who all want to engage in conduct that the defendant disfavors, and federal courts should exercise restraint in extending § 1985(3) beyond racial prejudice. Butler v. Elle, 281 F.3d 1014, 1028 (9th Cir. 2002).

        The elements of a claim under the first clause of § 1985(3) are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. See Addisu v. Fred Meyer, Inc.,

---

    [7] The first clause of § 1985(3) pertains to conspiracy to deny equal protection of the laws on the highway or on the premises of another; the second clause pertains to conspiracy to prevent or hinder state officers from providing equal protection to all persons within the state; and the third clause pertains to conspiracy to interfere with federal elections. See 42 U.S.C. § 1985(3).

198 F.3d 1130, 1141 (9th Cir. 2000).[8] Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates. See Great American Federal Savings & Loan Assoc. v. Novotny, 442 U.S. 366, 372 (1979).

The plaintiff asserting a claim under § 1985(3) must be a member of the class discriminated against. RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1055-56 (9th Cir. 2002). This standing requirement may be satisfied if the plaintiff is a member of the protected class or, alternatively, if the plaintiff can show that he is a member of a class that the government has determined requires and warrants special federal assistance in protecting their civil rights. See id. at 1056 (suggesting a white plaintiff may be able to assert a claim under § 1985(3) for being discriminated against for providing music to a predominately African American clientele).

Specifically, a plaintiff bringing a cause of action under § 1985(3) must allege facts showing that he is a member of a class that the courts have designated as suspect or quasi-suspect "requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992); see also Voight v. Savell, 70 F.3d 1552, 1564 (9th Cir. 1995).

Here, the complaint alleges no race- or class-based discriminatory animus on the part of defendants, and does not identify any suspect class of which plaintiff is alleged to be a member. Thus, plaintiff's claim under § 1985 lacks an arguable basis in law. See Saint Francis College v. Al-Kharraji, 481 U.S. 604, 613 (1987); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

In addition, to state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983. Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989). Because the court has determined that the complaint must be dismissed for failure to state a claim, plaintiff has no cognizable claim under § 1983. Thus, the eleventh, twelfth, and sixteenth causes of action must be DISMISSED for failure to state a claim.

---

[8] "A mere allegation of conspiracy without factual specificity is insufficient." Johnson v. California, 207 F.3d 650, 655 (9th Cir. 2000) (citation and quotation omitted).

22

1    The dismissal is with leave to amend, but only if plaintiff is able to plead a cognizable

2    claim against the same defendant(s) under § 1983, and is able to allege facts showing that

3    he is a member of a suspect class, and facts supporting the other elements of a claim

4    under the first clause of § 1985(3).

5        5.     Claims under 18 U.S.C. §§ 241 and 242

6    In the seventh cause of action, plaintiff alleges "conspiracy against rights" in violation

7    of 18 U.S.C. § 241, against Hilton Hotel, the San Francisco Police Officer defendants,

8    Officer McKay, Commissioner Garratt, and Officer Schianterlli.  He pleads no facts in

9    support of this cause of action.  In the eighth cause of action, plaintiff alleges "deprivation of

10    rights under color of law" in violation of 18 U.S.C. § 242, against "all defendants," again

11    pleading no facts in support of the claim.

12    These claims are DISMISSED with prejudice, as §§ 241 and 242 provide a basis for

13    criminal prosecution, but do not provide a private right of action and cannot form the basis

14    for a civil suit.  <u>Aldabe</u>, 616 F.2d at 1092; <u>see also</u> <u>Polk County v. Dodson</u>, 454 U.S. 312,

15    320-21 & n.9 (1981).

16        6.     State law claims

17    The remaining claims alleged in the complaint appear to be state law claims.  These

18    are the eighteenth cause of action for malicious prosecution, alleged against Hilton Hotel

19    and the San Francisco Police Officer defendants; the nineteenth cause of action for

20    malicious abuse of process, alleged against "all defendants;" the twentieth and twenty-

21    seventh causes of action for intentional infliction of emotional distress, alleged against "all

22    defendants;" the twenty-fifth cause of action for false arrest and imprisonment, alleged

23    against "all defendants;" the twenty-sixth cause of action for conspiracy, alleged against

24    Hilton Hotel, the San Francisco Police Officer defendants, Commissioner Garratt, and

25    Officer McKay; and the twenty-eighth cause of action, entitled "proceed to trial and render

26    judgment without jurisdiction," alleged against Commissioner Garratt, Officer McKay, and

27    Officer Schianterlli.

28    As a prerequisite for money damages litigation against a public entity, the California

1   Tort Claims Act ("CTCA") requires presentation of the claim to that entity. <u>See</u> Cal. Gov.

2   Code § 945.4; <u>State of California v. Superior Court</u>, 32 Cal. 4th 1234, 1240-44 (2004)

3   ("Bodde"). Compliance with the CTCA is an element of a cause of action against a public

4   entity. <u>Willis v. Reddin</u>, 418 F.2d 702, 704 (9th Cir. 1969); <u>Bodde</u>, 32 Cal. 4th at 1240.[9]

5   This requirement applies both to claims against CCSF, the sole public entity named as a

6   defendant, as well as to claims against the San Francisco Police Officer defendants and

7   against Officer McKay and Officer Schianterlli, all of whom were – per the allegations in the

8   complaint – acting in the scope of their employment as public employees at the time of the

9   incidents. <u>See</u> Cal. Gov't Code § 950.2; <u>see also</u> <u>Williams</u>, 16 Cal. 3d at 838; <u>Neal v.</u>

10  <u>Gatlin</u>, 35 Cal. App. 3d 871, 875 (1973).

11          "[C]ompliance with the claims statute is mandatory and failure to file a claim is fatal

12  to the cause of action." <u>Hacienda La Puente Unified School Dist. v. Honig</u>, 976 F.2d 487,

13  494 (9th Cir. 1992); <u>City of San Jose v. Superior Court</u>, 12 Cal.3d 447, 455 (1974); <u>see also</u>

14  <u>Bodde</u>, 32 Cal.4th at 1240. In federal court, the failure to allege facts that either

15  demonstrate or excuse compliance with the CTCA will subject a state law claim to

16  dismissal. <u>See</u> <u>Mangold v. California Pub. Utils. Com'n</u>, 67 F.3d 1470, 1477 (9th Cir.

17  1995).

18          Here, the complaint alleges no facts showing that plaintiff has exhausted the

19  presentment requirements of the CTCA by submitting any of his damages claims to any

20  public entity. Accordingly, the state law claims asserted against all defendants with the

21  exception of defendant Hilton Hotel must be DISMISSED for failure to state a claim.

22          As for the claims asserted against the Hilton Hotel, the complaint pleads no facts

23  specific to the Hilton Hotel in any of the remaining five causes of action that could support a

24  claim. Accordingly, the state law claims asserted against the Hilton Hotel are also

25  DISMISSED for failure to state a claim.

26  ————————————————

27          [9] The California Tort Claims Act does not apply to federal constitutional claims under 42 U.S.C. § 1983. <u>See</u> <u>Bodde</u>, 32 Cal. 4th at 1240; <u>Williams v. Horvath</u>, 16 Cal. 3d 834, 842

28  (1976).

7.     Claim for injunctive relief

Plaintiff seeks injunctive relief to prevent the defendants from violating his rights in the future.  However, he alleges no facts indicating that he faces an immediate threat of irreparable injury with an inadequate remedy at law.  Thus, he states no claim that would warrant injunctive relief.  See Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1495-96 & n.5 (9th Cir. 1996).

**CONCLUSION**

In accordance with the foregoing, the court finds that the complaint must be dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim.  The dismissal is with leave to amend, except as to those claims that are dismissed "with prejudice."  In general, plaintiff must allege facts to support each cause of action, and must allege which defendant(s) committed which actions.

Any amended complaint must be filed no later than February 16, 2010.  In addition, any amended complaint shall comport with the following:

1.     Any amended complaint may allege claims against multiple defendants based only on a single transaction or occurrence.

2.     Any amended complaint may not allege claims against Commissioner Stephanie Garratt in connection with her performance of her judicial duties.  All claims asserted against Commissioner Garratt are DISMISSED with prejudice.

3.     All constitutional claims asserted against defendant Hilton Hotel under 42 U.S.C. § 1983 are DISMISSED with leave to amend to state facts showing that defendant Hilton Hotel is a state actor.

4.     All constitutional claims asserted against defendant CCSF under 42 U.S.C. § 1983 are DISMISSED with leave to amend to state facts sufficient to support a claim of municipal liability.

5.     Any amended complaint may not allege an Eighth Amendment claim in connection with the fines imposed by the San Mateo Superior Court for violations of the Vehicle Code.  The Eighth Amendment claim (fifth cause of action) is DISMISSED with

1    prejudice.

2        6.    The procedural due process claims are DISMISSED with prejudice insofar as

3    they are premised on the issuance of citations and the court appearance(s) in the San

4    Mateo Superior Court.

5        7.    The substantive due process claim (fourth cause of action) is DISMISSED

6    with prejudice to the extent that it is premised on the issuance of the restraining order by

7    the San Francisco Superior Court.  The claim is DISMISSED with prejudice to the extent

8    that it is premised on the issuance of citations for Vehicle Code violations in San Mateo

9    County.  The claim is DISMISSED for failure to state a claim, with leave to amend, insofar

10   as it is premised on the criminal prosecution in San Francisco County.

11       8.    The equal protection claim (twenty-ninth cause of action) is DISMISSED for

12   failure to state a claim, with leave to amend.

13       9.    The claim of violation of the privileges and immunities clause (sixth cause of

14   action) is DISMISSED with prejudice.

15       10.   The general claim of deprivation of constitutional rights (thirteenth cause of

16   action) and the constitutional claim of "refusing or neglecting to prevent" illegal activities

17   (seventeenth cause of action) are DISMISSED with prejudice.

18       11.   The claim of impairment of the right to enjoy life and pursue happiness (tenth

19   cause of action) is DISMISSED with prejudice.

20       12.   The claims of conspiracy to deprive plaintiff of constitutional rights are

21   DISMISSED for failure to state a claim, with leave to amend as indicated.

22       13.   The claims under 18 U.S.C. §§ 241 and 242 (seventh and eighth causes of

23   action) are DISMISSED with prejudice.

24       14.   The state law claims are dismissed as to CCSF, the San Francisco Police

25   Officer defendants, Officer McKay, and Officer Schianterlli for failure to allege compliance

26   with the California Tort Claims Act.  Any amended complaint must allege compliance with

27   the CTCA, which includes the requirement that the claim be submitted to the governmental

28   entity within 100 days of the accrual of the cause of action.  See Cal. Gov't Code § 950.2.

26

1        15.      The state law claims asserted against defendant Hilton Hotel are DISMISSED

2  for failure to state a claim, with leave to amend.

3        16.      The prayer for injunctive relief is DISMISSED.

4        Finally, plaintiff's motion to "transfer" from Oakland to San Francisco is DENIED.

5

6  **IT IS SO ORDERED.**

7  Dated: January 11, 2010

8                       PHYLLIS J. HAMILTON
                         United States District Judge